Davis, J.,
delivered the opinion of the court:
Section 1745 of the Be vised Statutes authorizes the President to prescribe the “rates or tariff of fees to be charged for official services and to designate what shall be regarded as official services, besides such as are expressly declared by law.” Pursuant to this authority the President has published a volume entitled “Consular Regulations.” containing the regulations and instructions, including a tariff of fees to be charged for official services, for the information and government of con *196 sular officers of the United States. The regulations of 18S1 were in force during the entire period covered by this action.
As to the authority conferred by section 1745 (Rev. Stat.) the Supreme Court said:
“This section concerns itself wholly with “official services.’* The tariffs of fees to be prescribed by the President from time to time are those to be charged for “ official services.” The President is to designate what are to lie regarded as “official services” in addition to such as are expressly declared by law.” (Mosby v. The United States, 133 U. S. R., 273.)
Section 180 of the Consular Regulations (1881) provides as follows:
“These provisions respecting tonnage and other fees and the deposit of a ship’s papers apply to American or foreign built vessels purchased abroad and wholly owned by citizens of the United States, in the same manner as to regularly documented vessels.”
While plaintiff was consul-general at Shanghai, China, he performed services for vessels of this description, and there were paid into his office “ tonnage dues” and fees for “ report to customs,” for “oath and appointment of master,” and for “ bill of health,” which he turned into the Treasury, and now claims were his personal emolument.
On behalf of plaintiff it is contended that the vessels to which the consular services were rendered were not .ships or vessels of the United States $ that, while entitled-to Government protection as property of citizens of the United States, they were under no legal obligation to obtain and pay for the services of consuls at foreign ports; that having done so, the fees paid therefor were “unofficial,” not “official” fees, as the consul acted unofficially, and not under warrant of lawj that is, his services were personal.
Before considering this proposition it should be noted that the question before us is not primarily whether vessels of this class are obliged to pay fees of the kind complained of, but whether, when paid, the President can classify these fees as official fees or must regard them as unofficial fees.
The monéy has in fact been paid • the Consular Begulations, in fact, affix to it an official character, and it is now in the national Treasury.
*197 Whether the shipowner was under legal obligation to pay these fees is one question; whether, when paid, the consul may retain them as fees for unofficial service is another question.
The power of the President under section 1745 of the Revised Statutes is very broad, and authorizes him to prescribe the rates of fees to be charged for official services, to designate what shall be regarded as official services, “ besides such as are expressly declared by law,” and to adapt the rates or tariffs of fees to the different consulates. There seem to be but two limitations upon his power — one (expressed) which 'prevents him from declaring afee to be unofficial which the law declares official; and one (implied) which prevents him from prescribing a fee for a service which the law declares shall be rendered gratuitously.
It may or may not be that the President had not the power to force the shipowner to pay the these fees 5 as to this, of course we express no opinion; but if he had not the power and the fees were illegally collected, we still fail to see how the consul can base upon this fact a claim to retain, as a personal emolument, the money so illegally collected. The President has directed the collection of fees of this class and has marked them with an official stamp; if the fee is illegally collected, the owner may perhaps have a right of recovery against the Government, which directed their collection, but the subordinate officer who performed the services and collected the fees under the distinct order of the President, which at the same time classified the services and the fees as official, can not lay claim to the money thus coming into his hands.
Subject to the limitations we have suggested the President may at any time transfer a fee from the unofficial to the official schedule or mee versa ; or he may increase, diminish, or abolish a fee, and his directions in this regard are binding upon the officers of the consular service. In the words of the Supreme Court, speaking by Mr. Justice Blatchford:
“The President is to designate what are to be regarded as “official services” in addition to such as are expressly declared by law (supra).”
These items are therefore not allowed, and judgment will be entered in favor of plaintiff for the other items of his claim which are within the decision in Mosby’s Case. Judgment for plaintiff in the sum of $5,190.21.